**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

KEVIN BENNETT                                                                                              PLAINTIFF

V.                                          3:07CV00169 WRW/JTR

DAN LANGSTON,
Sheriff of Greene County, et al.                                                                      DEFENDANTS

**<u>ORDER</u>**

On April 25, 2008, Defendants in this *pro se* § 1983 action filed a Motion and Brief in Support asking the Court to compel Plaintiff to respond to their January 29, 2008 Interrogatories and Request for Production that includes, among other things, a Medical Records Authorization Form. *See* docket entries #24 and #25.  Plaintiff has not filed a Response to Defendants' Motion to Compel, and the time for doing so has expired.  *See* Local Rule 7.2(b) (providing that a party has eleven days to file a response to a motion); Local Rule 7.2(f) (providing that: "The failure to timely respond to any nondispositive motion . . . shall be an adequate basis, without more, for granting the relief sought in said motion").  Additionally, the Court concludes that Defendants have stated good cause for granting the Motion.

IT IS THEREFORE ORDERED THAT:

1.      Defendants' Motion to Compel (docket entry #24) is GRANTED.

2.      Plaintiff shall FILE his Response to Defendants' January 29, 2008 Interrogatories and Request for Production (including the Medical Records Authorization Form) **on or before May 30,**

**2008.**[1]

3. Plaintiff is advised that the failure to timely and properly comply with this Order could result in the dismissal of this case, without prejudice, pursuant to Local Rule 5.5(c)(2)[2] and/or Fed. R. Civ. P. 37(b)(2)(A)(v).[3]

Dated this 14th day of May, 2008.

                                                                                             /s/ J. Thomas Ray
                                                                                             UNITED STATES MAGISTRATE JUDGE

---

[1] Usually, discovery responses are *not* filed with the Court and, instead, are *mailed directly* to the opposing counsel, along with a certificate of service. *See* Fed. R. Civ. P. 5(d). However, the Court hereby instructs Plaintiff to *file* his Responses *with the Clerk* so that it can determine whether Plaintiff has timely and properly complied with this Order.

[2] Local Rule 5.5(c)(2) provides that: "It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number. *If any communication from the Court to a pro se plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice*. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure." (Emphasis added.)

[3] Fed. R. Civ. P. 37(b)(2)(A)(v) provides, in pertinent part, that a court may dismiss an action if a party fails to obey an order to provide or permit discovery.